| | |
|---|---|
| FRANKLIN A. MORRIS, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>GARRY MCFADDEN, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

I.  **BACKGROUND**

Pro se Plaintiff Franklin A. Morris ("Plaintiff") is currently detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on December 12, 2023, against Defendant Gary McFadden, identified as the Sheriff of Mecklenburg County.[1] [Doc. 1]. Plaintiff alleges that he sees "black mold" every time he takes a shower and "also on waterfaucet." [Id. at 5]. Plaintiff alleges that his claim arose on July 13 and 14, 2023, but requests relief for "the amount of three years from being here inhailing [*sic*] black mold." [Id.]. For injuries, Plaintiff alleges only that he was "refused medical service" and that he was told "maintenance will handle problem." [Id.]. Plaintiff does not state what constitutional right he contends has been violated, but generally claims "unhealthy living conditions." [Id. at 3].

---

[1] Plaintiff does not specify the capacity in which he sues Defendant McFadden. [See Doc. 1 at 2]. The Court, therefore, will address both individual and official capacity claims.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). Plaintiff's Complaint fails initial review.

### A. Official Capacity

Suits against an officer in his official capacity "generally represent only another way of

pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).  Plaintiff here does not allege that any Jail policy or custom was the moving force behind any constitutional injury.  The Court, therefore, will dismiss this claim.

    **B.    Individual Capacity**

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).  Plaintiff here alleges no personal participation by Defendant McFadden. Plaintiff alleges only the existence of "black mold" in the

shower area and on the water faucet at the Jail. Plaintiff, therefore, has failed to state a claim for relief against Defendant McFadden in his individual capacity and this claim will be dismissed.

Moreover, Plaintiff fails to allege having suffered any injury due to the alleged "unhealthy living conditions," in any event [See Doc. 1 at 5].

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: January 10, 2024

Kenneth D. Bell
United States District Judge